H. H. SICKLES & Co., Appellants, v. M BRABBITTS & Co. et al., Appellees.

Bailment : INSURANCE BY BAILEE : EVIDENCE.

*Appeal from Webster District Court.*—HON. S. M. WEAVER, Judge.

TUESDAY, FEBRUARY 10, 1891.

ACTION was brought to recover on an account for wagons and other property sold by the plaintiff to the defendant. There was a judgment on a verdict in favor of M. Brabbitts & Co., and another judgment on a verdict against M. Brabbitts, one of the firm which is a defendant in the action. The plaintiffs appeal.—*Affirmed.*

*Smith & Morris* and *A. N. Botsford,* for appellants.

*Albert E. Clark,* for appellees.

BECK, C. J.—I. The original petition declares upon an account for property received by the defendants, which was to be sold and accounted for to the plaintiffs, and seeks to recover a balance due thereon. It is shown that the property was received by the defendants under an agreement that they should receive, hold in store, pay freight upon and keep fully insured the property for the plaintiffs' benefit; that the property was destroyed by fire, and the defendants claimed and collected the insurance for their own benefit, and failed to account therefor to the plaintiffs. The defendants, in their answer, show that prior to the loss of the property by fire they had a full settlement with the plaintiffs of the transactions growing out of the property, and the contract under which they had received the property was terminated, and the defendants were discharged from all obligations and liabilities thereon. They also allege that the insurance they held on the property covered only their own interest therein for freights paid and commissions. The plaintiffs, in a reply alleged that the defendants, in collecting and adjusting the loss of the property, claimed and received the full value of the property, and that they are now estopped to allege that the contracts with the plaintiffs were not in force, and that the property was insured for less than the amount of their claim made to the company.

II. It will be observed that the issues involved the discharge by settlement of the obligation and liability of the defendants to store and insure the goods, and the existence of an obligation on their part to insure them. The point most pressed by the plaintiffs' counsel is that the verdict of the jury upon these points is in conflict with the evidence. We think the evidence authorized the conclusions which the jury doubtless reached, that the defendants were discharged from the original contract; that the evidence shows a full settlement of the transactions had under that contract, and the property was retained for temporary storage simply, without any agreement, expressed or implied, whereby the defendants were bound to insure the property. This was unquestionably found by the jury. Had they found differently the verdict would have been for the plaintiffs,

and against the defendants for liability arising on the original con-
tract. The evidence upon this point is to some extent conflicting, but
it cannot be said that it so lacks in support of the verdict that it cannot
be sustained.

III. The defendants were, against the plaintiffs' objection, per-
mitted to prove that they procured insurance on the property for
freight and commissions, and that they so informed the agent of the
insurance company and the adjuster of the loss after the property was
burned. The admission of this evidence is now complained of as
erroneous. We think that, were the evidence admitted erroneously,
it was without prejudice to the plaintiffs for this reason. As we have
seen, the jury must have found that the contract binding defendants
to insure the property was terminated. The defendants were under
no obligation to insure the property for the plaintiffs' benefit. If they
insured the property for their own benefit to the extent of its full
value, the plaintiffs, having no contract with the defendants for
insurance, cannot recover any part of the mo iey accruing from the
insurance. If the insurance company took the insurance, and paid
the loss to an amount exceeding the defendants' interest in the prop-
erty, that is a matter between the insurance company and the defend-
ants, and the plaintiffs can claim nothing under the policy.

IV. The doctrine we have just stated is recognized in instruc-
tions given to the jury, which are now complained of by counsel.
For the reasons stated they are correct.

V. Another instruction was given, based upon the doctrine that
the termination of the contract requiring the defendants to insure the
property by agreement of the parties relieved the defendants of liabil-
ity on account of the loss of the property, without insurance to the
plaintiff. It is made the ground of an assignment of error. In our
opinion, it is plainly correct. The plaintiffs base their claim to recover
upon the contract obligation of defendants to insure the property for
their benefit. If that contract were terminated by agreement. plain-
tiffs have no grounds to recover. These considerations, in our opinion,
dispose of all questions in the case.

The judgment of the district court is AFFIRMED.